**Lillie Austin, Appellant,**
v.
**Martha Austin, et al., Appellees.**
**Decided March 31, 1993**

## OPINION

Before YAZZIE, Chief Justice, BLUEHOUSE and CADMAN, Associate Justices.

Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Albert Hale, Esq., Window Rock, Navajo Nation (Arizona), for the Appellees.

Opinion delivered by YAZZIE, Chief Justice.

I

This is an appeal from the Kayenta Family Court involving the probate of Buck Austin's estate. The Appellant, Lillie Austin, contends the family court erred in ruling that she had no claim to Buck Austin's property because she was not married to him.

On September 6, 1978, Buck Austin died intestate and left a grazing permit, customary land use permit, *Jish* (religious paraphernalia), and other assets. In 1979, Buck Austin's estate was probated by the Tuba City District Court. The court identified Buck Austin's heirs as Martha Austin, Bahi Austin and Lillie Austin. The court distributed Buck Austin's property to the Appellees, accordingly: Martha and Bahi were awarded the grazing permit; Bahi and Billy Austin received the customary land use permit.

Several years later, on June 20, 1990, Lillie Austin petitioned the Kayenta Family Court to determine Buck Austin's heirs and the distribution of his property. She sought a declaratory judgment to the grazing permit, customary land use rights and certain religious paraphernalia. The issue of the paraphernalia was settled.

On October 25, 1991, the Kayenta Family Court concluded that no valid marriage existed between Lillie Austin and Buck Austin because there was no proof of a wedding ceremony. Thus, she had no valid claim to the grazing permit and customary land use rights.

Lillie Austin filed an appeal with this Court on November 21, 1991. On October 22, 1992, the Court conducted oral arguments.

## II

The issue is whether the Kayenta Family Court erred in dismissing Lillie Austin's claims for a determination of Buck Austin's heirs and the distribution of his property, ten years after she had participated in the probate proceeding.

## III

This Court has applied the principle of res judicata, which prohibits the same dispute from being legally resolved more than once, in several cases. *See In the Matter of the Estate of Goldtooth Begay #2*, 6 Nav. R. 29, 31 (1992); *Halwood v. Badonie*, 6 Nav. R. 16, 17-18 (1988); *In the Matter of the Guardianship of Catherine Denise Chewiwi*, 1 Nav. R. 120 (1977); *In the Matter of the Estate of Ray Lee*, 1 Nav. R. 27 (1971).

Generally, res judicata "prevents relitigation of identical claims, demands, and causes of action involving the same thing ... between the same parties and their privies." *Halwood v. Bedonie*, 6 Nav. R. at 17, (quoting Black's Law Dictionary 1174 (5th ed. 1979)). Navajo common law also recognizes the principle: "... after everyone who had an interest in a controversy had their say and the controversy was finally decided, it was respected." *Id.* The Navajo courts view res judicata as "necessary for judicial economy, to protect the interests of litigants from unfair prejudice, and to have disputes once decided stay decided." *Id.* The Navajo Rules of Civil Procedure also recognizes res judicata as an affirmative defense. Rule 8(c) (2) (H), Nav. R. Civ. P. (1989 ed.).

In any probate proceeding in which the record shows notice to heirs and other interested parties, either actually or in accordance with the rules of court, the final order in the estate will be considered final and res judicata and no later claim will be considered. *In the Matter of the Estate of Ray Lee*, 1 Nav. R. at 29.

In view of the foregoing, the Court finds that the Tuba City District Court properly determined Buck Austin's heirs and distributed his property according to the Navajo Rules of Probate Procedure in the 1980 probate proceeding. The Kayenta Family Court found that Lillie Austin was given notice and participated in the probate proceeding. The court determined the community property acquired by Buck Austin, and distributed his property to his heirs. The court further found that Lillie Austin had no rights in the grazing permit and customary land use rights.

For these reasons, this Court holds that Lillie Austin's attempt to relitigate the heirship and property distribution issues, pertaining to Buck Austin's probate proceeding, is barred by the doctrine of res judicata. The family court did not

abuse its discretion by dismissing Lillie Austin's claim. *Benally v. Navajo Housing Authority*, 3 Nav. R. 55 (1981).

## IV

The Navajo Nation Supreme Court affirms the decision of the Kayenta Family Court.